IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JERALD WAYNE VESS | § | |
| v. | § | CIVIL ACTION NO. 6:12cv382 |
| DEBBIE RUTHVEN, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Jerald Vess, an inmate of the Billy Moore Unit, a private prison operating under the auspices of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Vess complained that he was denied medical care for seizures which he suffered and that there is no medical staff on duty at the Billy Moore Unit between 4:30 p.m. and 8:00 a.m. He checked "no" in response to a question on the standard Section 1983 lawsuit form asking whether he had exhausted his administrative remedies. Vess also filed a motion asking that his lawsuit be stayed, explaining that he had "submitted his civil action prior to his administrative remedies being exhausted." He stated that he had filed a Step One grievance before filing the lawsuit, but that he had not yet received a response to the grievance; he asked that the Court stay the lawsuit until the administrative remedy process was complete.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed without prejudice for failure to exhaust administrative remedies, a failure which

1

was manifest on the face of the pleadings. *See* Carbe v. Lappin, 492 F.3d 325, 327 (5th Cir. 2007). Vess filed objections to this Report on August 23, 2012.

In his objections, Vess states that he is seeking "emergency relief" because he lives in fear of dying at the hands of the defendants. He states that just a few days before filing his objections, an inmate died in his cell and was found by another inmate over half an hour later.

Vess also argues that he has written letters to the defendants and thereby satisfied the exhaustion requirements of the Prison Litigation Reform Act. He complains that his grievance was not processed as an emergency and that had it been, he would have been able to file the complaint with a response to his grievance. He again says that he submitted "many letters and notices" to Warden Ruthven and her lower ranking staff, but to no avail; in fact, Vess says that these letters have brought only "harassment and retaliation." Vess again argues that his efforts to address the issues is sufficient to satisfy the exhaustion requirement.

Vess' objections are without merit. The Fifth Circuit has explained that the exhaustion requirement is fulfilled by Texas state prisoners through the two-step grievance process of TDCJ. Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). Although Vess says that he sent "letters and notices," these do not suffice. *See, e.g.*, Conwell v. Bureau of Prisons, 41 F.3d 664, 1994 WL 684766 (5th Cir., November 22, 1994) (inmate's memos and letters satisfied only the "informal resolution" tier of the administrative grievance procedure of the Federal Bureau of Prisons and thus did not serve to exhaust administrative remedies); Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir. 2010 (mere "substantial compliance" with administrative remedy procedures does not satisfy the exhaustion requirement).

Nor does Vess' assertion, express or implied, that the grievance procedure is "futile" serve to excuse the exhaustion requirement, The courts have held that conclusory allegations that a prisoner filed grievances which were not answered are insufficient to evade the exhaustion requirement. *See* Willich v. Brownlow, civil action no. 6:08cv244, 2010 WL 297844 (E.D.Tex., January 19, 2010, no appeal taken) (rejecting conclusory allegation of inability to exhaust); Mentecki

v. Corrections Corp. of America, 234 F.3d 1269, 2000 WL 1648127 (6th Cir., October 27, 2000) (inmate who "merely makes a speculative and conclusory assertion that filing a grievance would be futile has not satisfied the exhaustion requirement of Section 1997e(a)"); *accord*, Penn v. Kastner, civil action no. 5:05cv202, 2007 WL 1051773 (E.D.Tex., April 4, 2007, no appeal taken) (inmate's conclusory assertion that "the grievance process is futile" does not set forth a valid basis upon which to excuse the exhaustion requirement); Veloz v. New York, 339 F.Supp.2d 505, 516 (S.D.N.Y. 2004) (unsupported allegations that grievances "must have been lost or misplaced" does not relieve inmate of the obligation to appeal claims to the next level once it becomes clear that a response to the initial filing was not forthcoming).

Other cases rendering similar holdings include Wiley v. Civigenics, civil action no. 5:07cv60, 2009 WL 260948 (E.D.Tex., February 3, 2009) (no appeal taken) (conclusory claim of inability to exhaust not sufficient to meet exhaustion requirement) *and* Nunez v. Goord, 172 F.Supp.2d 417, 428-29 (S.D.N.Y. 2001) (inmate's unsupported claims that his grievances were lost at the grievance office or destroyed by officers failed to excuse inmate from exhaustion requirement).

It should be noted that a similar rule exists outside of the correctional context as well. In Parham v. Carrier Corp., 9 F.3d 383, 391 (5th Cir. 1993), a wrongful discharge case, the Fifth Circuit held that to avoid the exhaustion requirement under a collective bargaining agreement, a former employee has the burden of producing some evidence that resort to available grievance procedures would in fact be futile. The Fifth Circuit expressly said that conclusory assertions or mere subjective belief, even if in good faith, would not suffice.

In this case, Vess' assertions are insufficient to show compliance with the exhaustion requirement or to show good cause for his failure to comply. The Magistrate Judge correctly determined that Vess' failure to exhaust his administrative remedies is apparent on the face of the pleadings and that the lawsuit should be dismissed without prejudice as a result. *See also* Wood v. Hirsch, 461 Fed.Appx. 365, 2011 WL 2938027 (5th Cir., July 20, 2011) (rejecting claim that

3

"emergency conditions" justified excusing the exhaustion requirements). Vess' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 12) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to exhaust administrative remedies. 42 U.S.C. §1997e. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 10th day of September, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**